**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DONALD C. DORNIN,

    Plaintiff,

v.

CHRISTOPHER CHURCH et al.,

    Defendants.

2:14-cv-2034-JCM-NJK

**SCREENING ORDER**

This is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by an inmate in the custody of the Clark County Detention Center. Plaintiff has submitted an application to proceed *in forma pauperis* and a civil rights complaint.[1] (ECF No. 5, 5-1).

**I.   *IN FORMA PAUPERIS* APPLICATION**

Before the court is plaintiff's application to proceed *in forma pauperis*. (ECF No. 5). Based on the information regarding plaintiff's financial status, the court finds that plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

**II.   SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See*

---

[1] Plaintiff originally filed an application to proceed *in forma pauperis* and a complaint that contained confidential information. (ECF No. 1, 1-1). The court sealed those documents and directed plaintiff to file redacted versions of the application to proceed *in forma pauperis* and complaint. (ECF No. 3 at 2). Plaintiff filed the redacted versions. (ECF No. 5, 5-1). The court denies the application to proceed *in forma pauperis* containing confidential information (ECF No. 1) as moot. The court will use the redacted application to proceed *in forma pauperis* and complaint as the operative documents.

28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not

require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.    SCREENING OF COMPLAINT

In the complaint, plaintiff sues multiple defendants for events that took place while plaintiff was incarcerated at the Clark County Detention Center ("CCDC"). (ECF No. 5-1 at 1). Plaintiff sues defendants Christopher Church (LVMPD[2] officer), Jane Doe #1 (Naphcare nurse), Jane Doe #2 (Naphcare nurse), John Doe #1 (LVMPD officer), John Doe #2 (LVMPD officer), J. Hardwick (LVMPD reporting officer), Jones (LVMPD officer), Kelley (Naphcare nurse), Kendra (Naphcare medical administrator), S. Koboski (LVMPD officer), James La Rosa (LVMPD officer), T. Miller (supervising officer), Dr. Robert Mondora (Naphcare physician),

---

[2] LVMPD is the acronym for the Las Vegas Metropolitan Police Department.

Rafael Ramos (LVMPD officer), Jonathan Riddle (LVMPD officer), and Amanda Wright (LVMPD identification specialist). (*Id.* at 3-6). Plaintiff alleges three counts and seeks a dismissal of his criminal case and monetary damages. (*Id.* at 11, 14).

### A.     Count I

In Count I, plaintiff alleges the following: On October 31, 2013, plaintiff arrived at his residence where his wife was acting strange. (ECF No. 5-1 at 8). Plaintiff's wife was acting frantic and posturing on her cell phone. (*Id.*). Plaintiff's wife discontinued the phone call and took their daughter out of the residence. (*Id.*). Plaintiff had a conversation with his step daughter who said, "mom's trippin[g]." (*Id.*). Plaintiff's wife was outside the residence honking her horn and yelling for Plaintiff's step daughter. (*Id.*). Plaintiff told his step daughter to go with her mom. (*Id.*). There was no physical altercation. (*Id.*). However, when Ramos arrived, he drew his weapon and demanded that plaintiff lay face down on the ground, handcuffed plaintiff, and arrested plaintiff. (*Id.*). La Rosa had come in contact with Plaintiff's wife and step daughter. (*Id.*). Plaintiff's step daughter had been arrested on October 7, 2013 for battery/domestic violence. (*Id.*). Plaintiff's wife had prior convictions for filing false kidnapping charges and false 911 calls. (*Id.* at 9). Koboski, Riddle, Church, Wright, Hardwick, and Miller did nothing to stop plaintiff's false arrest. (*Id.*). Plaintiff's wife had claimed that they had been fighting and arguing and that plaintiff had threatened her life. (*Id.*). The bruises on plaintiff's step daughter were from her own actions on October 7, 2013, when she physically attacked her mom and plaintiff. (*Id.*). Plaintiff alleges a Fourth Amendment violation. (*Id.* at 8).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486-87. "A claim for damages bearing that relationship to

4

a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983." *Id*. at 487. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

In *Szajer v. City of Los Angeles*, 632 F.3d 607 (9th Cir. 2011), the Ninth Circuit held that *Heck* applies to alleged Fourth Amendment violations. *Id.* at 611. "There is no question that *Heck* bars [a plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him . . . [A plaintiff] may challenge the validity of his arrest, prosecution and conviction only by writ of habeas corpus." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).

In this count, plaintiff is challenging the validity of his arrest and the criminal charges brought against him. Plaintiff may only challenge the validity of his arrest through a writ of habeas corpus. As such, the court dismisses this claim and directs plaintiff to file a writ of habeas corpus on this issue.

**B.     Count II**

In Count II, plaintiff alleges the following: On May 23, 2014, at the CCDC, jail officials classified plaintiff as maximum custody and housed plaintiff in the south tower. (ECF No. 5-1 at 10). For three weeks in that housing unit, Jane Doe #1 administered plaintiff the wrong medication and caused plaintiff "many adverse symptoms." (*Id.*). While in court in early June, plaintiff thinks he had a mild heart attack as a result of an allergic reaction or harmful drug interaction. (*Id.*). When plaintiff returned to his cell, Jones witnessed plaintiff pass out. (*Id.*). Plaintiff began refusing medication. (*Id.*). Jane Doe #2 admitted that jail officials had discovered that plaintiff had been given the wrong medication but her boss refused to disclose any other information for fear of a lawsuit. (*Id.*). In response to plaintiff's kite, jail officials stated that he would need a court order before Naphcare would release the medical information. (*Id.*). Plaintiff alleges that Jane Doe #1, Jane Doe #2, Dr. Mondora, Kendra, and Kelly acted with deliberate indifference by administering the wrong medication and neglecting

to properly treat plaintiff's congestive heart failure. (*Id.*). Plaintiff alleges an Eighth Amendment violation. (*Id.*).

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

The court finds that plaintiff fails to state a claim for deliberate indifference to serious medical needs. Based on the allegations, the nurses and physicians were negligent in treating plaintiff and in administering his medication. Pursuant to the law, plaintiff cannot state an Eighth Amendment claim for medical malpractice. The court dismisses this claim, without prejudice, with leave to amend.

**C.   Count III**

In Count III, plaintiff alleges the following: On May 23, 2014, jail officials strip searched plaintiff. (ECF No. 5-1 at 11). Plaintiff was required to strip fully nude and to "squat and cough," meaning plaintiff had to spread his buttocks apart with his hands, bend at the knees, and cough. (*Id.*). Plaintiff has been required to do this type of strip search many times returning from court and contact visits. (*Id.*). On October 17, 2014, while returning from religious services, John Doe #1 and John Doe #2 made plaintiff and the other inmates remove all of their clothes, grab the shaft of their own penises, pull the foreskin back and forth in an up and down motion three times, and then turn around and squat and cough. (*Id.*). An officer told them that they were training new recruits and smirked at the trainee officer to direct the inmates. (*Id.*).

Generally, strip searches do not violate the Fourth Amendment rights of prisoners. *See Michenfelder v. Sumner*, 860 F.2d 328, 332-33 (9th Cir. 1988). However, strip searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest" may be unconstitutional. *Id*. at 332.

The court finds that plaintiff fails to state a claim at this time. Based on the allegations, it is unclear whether these strip searches were excessive, vindictive, harassing, or unrelated to any legitimate penological interest. The court dismisses this claim, without prejudice, with leave to amend. The court further notes that plaintiff has only identified doe defendants in this count. As a general rule, the use of "doe" pleading to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Upon amendment, plaintiff should try to obtain the names of the doe defendants and incorporate them into his amended complaint. If plaintiff is unable to obtain the names of the doe defendants, plaintiff shall file a notice with

the court explaining why he was unable to obtain the names of the doe defendants.

### D. Leave to Amend

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that plaintiff wishes to pursue in this lawsuit. Moreover, plaintiff must file the amended complaint on this court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The court notes that if plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, plaintiff shall file the amended complaint within 30 days from the date of entry of this order. If plaintiff chooses not to file an amended complaint curing the stated deficiencies, the court will dismiss this action without prejudice.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

**IT IS FURTHER ORDERED** that plaintiff's application to proceed *in forma pauperis* (ECF No. 5) without having to prepay the full filing fee is **GRANTED**. Plaintiff shall **not** be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Donald C. Dornin, #5084305** (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. If plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that plaintiff has paid toward his filing fee, so that funds may continue to be deducted from plaintiff's account. The clerk shall send a copy of this order to the **CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.**

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

**IT IS FURTHER ORDERED** that the clerk of the court shall file the complaint (ECF No. 5-1).

**IT IS FURTHER ORDERED** that Count I is dismissed, without prejudice, for failure to state a claim pursuant to *Heck v. Humphrey*.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send Plaintiff two copies of an *in forma pauperis* application form for a prisoner, one copy of the instructions for same, two copies of a blank 28 U.S.C. § 2254 habeas corpus form, and one copy of instructions for the same.

**IT IS FURTHER ORDERED** that Plaintiff may file a habeas corpus petition and an *in forma pauperis* application in a new action, but he may not file any further documents in this case relating to the allegations in Count I.

**IT IS FURTHER ORDERED** that Count II, alleging Eighth Amendment violations, is dismissed, without prejudice, with leave to amend.

**IT IS FURTHER ORDERED** that Count III, alleging Fourth Amendment violations, is

dismissed, without prejudice, with leave to amend.

**IT IS FURTHER ORDERED** that, with respect to Count III, plaintiff shall try to obtain the names of the doe defendants and provide those names in the amended complaint. If plaintiff is unable to obtain the names of the doe defendants, plaintiff shall file a notice with the court explaining why he was unable to obtain their names.

**IT IS FURTHER ORDERED** that if plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, plaintiff shall file the amended complaint within 30 days from the date of entry of this order.

**IT IS FURTHER ORDERED** that the clerk of the court shall send to plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 5-1). If plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action will be dismissed with prejudice.

DATED: April 23, 2015.

_____
United States District Judge