# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DONALD C. DORNIN,

    Plaintiff,

v.

CHRISTOPHER CHURCH, et al.,

    Defendants.

2:14-cv-02034-JCM-PAL

**SCREENING ORDER ON AMENDED COMPLAINT**

    This is an amended *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by an inmate in the custody of the Clark County Detention Center. The plaintiff has filed an amended complaint, a notice of doe defendants, a motion to introduce exculpatory evidence, and a motion for court order of medical records. (ECF No. 8, 9, 12, 13).

## I.    SCREENING STANDARD

    Federal courts must conduct a preliminary screening on any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

    In addition to the screening requirements under § 1915A, pursuant to the Prison

Litigation Reform Act ("PLRA"), a federal court must dismiss a prisoner's claim if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. Of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a

complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF AMENDED COMPLAINT

In the amended complaint, the plaintiff sues multiple defendants for events that took place while the plaintiff was incarcerated at Clark County Detention Center ("CCDC"). (ECF No. 8 at 1). The plaintiff sues Jane Doe #1 (Naphcare nurse), Jane Doe #2 (Naphcare nurse), John Doe #1 (LVMPD officer[1]), John Doe #2 (LVMPD officer), Jones (LVMPD officer), Kendra (Naphcare medical administrator), and Dr. Robert Mondora (Naphcare physician). The plaintiff alleges two counts and seeks monetary damages.

### A. Count I[2]

The plaintiff alleges the following: on May 23, 2014, after being evaluated at the University Medical Center and returned to CCDC, the plaintiff was administered the wrong medication by Jane Doe #1 and Jane Doe #2 for three weeks. (ECF No. 8 at 7). The medication caused the plaintiff "many adverse symptoms." (*Id.*). The plaintiff asserts he suffered shortness of breath, chest pain, heart palpitations, excessive perspiration, elevated pulse and blood pressure, blurred vision, acute anxiety, and prolonged panic attacks. (*Id.*). Jane Doe #2 admitted that jail officials had discovered that the plaintiff had been given the

---

[1] LVMPD is the acronym for the Las Vegas Metropolitan Police Deparment.

[2] The plaintiff denotes count I was dismissed in the original screening order. The court shall reference the plaintiff's two remaining counts in numerical order.

wrong medication, but told the plaintiff her boss would only release the information under a court order because he feared a lawsuit. (*Id.*). The plaintiff alleges that Jane Doe #1 and Jane Doe #2 were deliberately indifferent to his serious medical need.

The plaintiff's allegations in count I mirror the allegations he made in his initial complaint that were dismissed for alleging medical malpractice, which is not cognizable under the Eighth Amendment. As such, these elements of count I are dismissed with prejudice, as further amendment would be futile.

The plaintiff additionally alleges he has been diagnosed with chronic congestive heart failure. (*Id.* at 8). The plaintiff asserts he was prescribed specific treatment with regimented doses of medication by a doctor at Arrowhead Regional Medical Center in California. (*Id.*). The plaintiff contends that he has repeatedly requested medical treatment consistent with what he received in California. (*Id.*). These allegations are new and do not resemble any claims the plaintiff made in his initial complaint. The plaintiff is advised that the Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different defendants in a civil action. Federal Rule of Civil Procedure 20(a) allows a plaintiff to add multiple parties to a lawsuit where the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). "However, unrelated claims that involve different defendants must be brought in separate lawsuits." *Bryant v. Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, a *2 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

Additionally, a plaintiff may not exploit the amendment process to litigate a new lawsuit by bringing claims unrelated to those pled in his original complaint. *See Bryant*, 2013 WL at *4 (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)) (stating a plaintiff may not change the nature of a suit by adding new, unrelated claims in his amended complaint). Accordingly, the court dismisses this part of the plaintiff's count I without prejudice, but without leave to amend. If the plaintiff wishes to pursue this new claim, he may do so by filing a new application to proceed *in forma pauperis* and a new complaint.

**B.     Count II**

The plaintiff alleges that beginning on May 23, 2014, jail officials began to routinely strip search him. (ECF No. 8 at 9). The plaintiff asserts these searches occur several times weekly, and that he is commonly asked to "squat and cough," meaning the plaintiff has to spread his buttocks apart with his hands, bend at the knees, and cough. (*Id.*). On October 17, 2014, while returning from religious services, John Doe #1 and John Doe #2 made the plaintiff and other inmates remove all of their clothes, grab the shaft of their own penises, pull the foreskin back and forth in an up and down motion. (*Id.*).

When the court screened the plaintiff's initial complaint, it noted that strip searches generally do not violate the Fourth Amendment rights of prisoners unless they are excessive, vindictive, harassing, or unrelated to any legitimate penological interest. (ECF No. 6 at 7:17-20 (citing *Michenfelder v. Sumner*, 860 F.2d 328, 332-33 (9th Cir. 1988)). The court found the plaintiff's allegations insufficient to state a colorable claim of a Fourth Amendment violation and granted leave for the plaintiff to amend to adequately allege that the strip searches were excessive, vindictive, harassing, or unrelated to any legitimate penological interest. (ECF No. 6 at 7:21-23). In his amended complaint, the plaintiff presents materially the same allegations and asserts the actions of the officers constitutes an excessive and vindictive search which caused him catastrophic stress and anxiety.

Routine visual body cavity searches do not violate prisoners' Fourth Amendment rights. *See Bell v. Wolfish*, 441 U.S. 520, 558 (1979). The plaintiff alleges these searches occur routinely, and that they are visual, as opposed to digital, searches. (*See* ECF No. 8 at 9). The plaintiff's use of the words "vindictive," "harassment," and "excessive" does not alter the material nature of his claim, which is unchanged from his initial complaint. As such, the plaintiff's allegations are insufficient to state a colorable Fourth Amendment claim and this count is dismissed with prejudice, as further amendment would be futile.

## V.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that the plaintiff's notice of doe defendants (ECF No. 9) is denied as moot.

IT IS FURTHER ORDERED that the plaintiff's motion to introduce exculpatory

5

evidence (ECF No. 12) is denied as moot.

IT IS FURTHER ORDERED that the plaintiff's motion for court order of medical records (ECF No. 13) is denied as moot.

IT IS FURTHER ORDERED that the amended complaint (ECF No. 8) is dismissed.

IT IS FURTHER ORDERED that this court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

IT IS FURTHER ORDERED that the clerk of the court shall enter judgment accordingly.

DATED:  January 15, 2016.

_____
United States District Judge